UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

THOMAS J. KURUC,

        Plaintiff,

        v.                            Case No. 20-C-1668

KEVIN CARR, WARDEN CROMWELL,
DEPUTY WARDEN BARBER,
A. THOMPSON, DANIEL LAVOIE,
PAUL BEKX, DR. LABBY,
RN GARCIA, RN KORMAN,
CINDY BARTER RN, RN MILLER, and
JOHN AND JANE DOE,

        Defendants.

## SCREENING ORDER

Plaintiff Thomas Kuruc, who is currently serving a state prison sentence at Redgranite Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on Plaintiff's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

**MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE**

Plaintiff has requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed an initial partial filing fee of $1.78. On December 2, 2020, Plaintiff submitted $1.07 as an initial partial filing fee.

The court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee and screen the complaint. Plaintiff will have to pay the full filing fee over time as explained in this order.

## SCREENING OF THE COMPLAINT

The court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, I must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to

2

relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

**ALLEGATIONS OF THE COMPLAINT**

Plaintiff alleges that twelve individuals, including the Wisconsin Department of Corrections Secretary, Redgranite's Warden, Deputy Warden, Health Services Manager, Medical Director, Associate Medical Director, a doctor, and multiple nurses, violated his constitutional rights by failing to prevent the spread of COVID-19 inside Redgranite Correctional Institution after inmates in general population and staff tested positive. He asserts the defendants are not following CDC guidelines, are not quarantining general population inmates that have been in contact with infected staff and inmates, and are not providing COVID-19 testing.

Plaintiff alleges that the first positive COVID-19 test at Redgranite occurred on October 1, 2020. Plaintiff was tested for COVID-19 on October 29, 2020, and his test came back positive. He claims he has chronic asthma. He alleges his head is in pain, his ears are hot to the touch, his body is in pain, his chest is burning, his heart is beating fast, and he has difficulty breathing at times. He was placed in a cell and did not immediately see a nurse. Plaintiff claims the defendants are violating his rights by not providing health care, knowingly causing him stress, and refusing to "do their jobs." Dkt. No. 1. at 5.

**THE COURT'S ANALYSIS**

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this

3

deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Plaintiff alleges that the Wisconsin Department of Corrections Secretary, Redgranite's Warden, Deputy Warden, Health Services Manager, Medical Director, Associate Medical Director, a doctor, and multiple nurses violated his constitutional rights by failing to prevent the spread of COVID-19 inside Redgranite Correctional Institution. "The assumption underlying this choice of defendants—that anyone who knew or should have known of [his condition], and everyone high up the bureaucratic chain, must be liable—is a bad one." *Burks v. Raemisch*, 555 F.3d 592, 593 (7th Cir. 2009). "Section 1983 creates a cause of action based on personal liability and predicated upon fault. An *individual* cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation. . . . A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary." *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) (citations omitted).

Plaintiff's general allegations that the twelve named defendants failed to prevent the spread of COVID-19 does not allow each of the named defendants or the court to understand what each defendant is alleged to have actually done or not done that caused him injury. In other words, Plaintiff's complaint does not explain what each individual did to allegedly violate his rights. Plaintiff needs to tell the court and the defendants the who, what, when, and where of his claim, and what injury or damage each defendant's actions actually caused Plaintiff. The essential function of a complaint is to provide such notice, *see* Federal Rule of Civil Procedure 8(a), and the defendants should not be forced to incur the cost of defending themselves in a federal lawsuit

4

absent some indication that Plaintiff has a cognizable federal claim and enough information so they know what his claim against them is about.

If Plaintiff wants to proceed, he must file an amended complaint curing the deficiencies in the original complaint as described herein. Such amended complaint must be filed on or before **January 15, 2021**. Failure to file an amended complaint within this time period may result in dismissal of this action.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If the amended complaint is received, it will become the operative complaint in this action, and the court will screen it in accordance with 28 U.S.C. § 1915A.

Further, Plaintiff is advised that 42 U.S.C. § 1983 "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Moreover, the doctrine of respondeat superior (supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir. 1992). Section 1983 does not create collective or vicarious responsibility. *Id.* Thus, with respect to any claim or claims advanced in his amended complaint, Plaintiff must identify the individual defendants and specify the manner in which their actions, or failure to take action, violated his constitutional rights.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **January 15, 2021**, Plaintiff shall file an amended pleading curing the defects in the original complaint as described herein.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner complaint form and a copy of the guide entitled "Guide to Filing Prisoner Complaints Without a Lawyer in the United States District Court for the Eastern District of Wisconsin," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $348.93 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution,

6

and Oshkosh Correctional Institution.  Plaintiffs who are inmates at all other prison facilities must

submit the original document for each filing to the court to the following address:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS.  It will

only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the

dismissal of this action for failure to prosecute.  In addition, the parties must notify the Clerk of

Court of any change of address.  Failure to do so could result in orders or other information not

being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin this 15th day of December, 2020.

> s/ William C. Griesbach
> William C. Griesbach
> United States District Judge